UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| RYAN O'DELL, | : |
| | : |
| Plaintiff, | : Civil Action No. 23-cv-3957 |
| | : |
| v. | : **COMPLAINT FOR VIOLATIONS OF** |
| | : **SECTIONS 14(a) AND 20(a) OF THE** |
| RANGER OIL CORPORATION, EDWARD | : **SECURITIES EXCHANGE ACT OF** |
| GEISER, DARRIN HENKE, RICHARD | : **1934** |
| BURNETT, TIFFANY THOM CEPAK, | : |
| GARRETT CHUNN, KEVIN CUMMING, | : **JURY TRIAL DEMANDED** |
| TIM GRAY, JOSHUA SCHMIDT, and | : |
| JEFFREY E. WOJAHN, | : |
| | : |
| Defendants. | : |

---

Ryan O'Dell ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against Ranger Oil Corporation ("Ranger Oil or the "Company") the members Ranger Oil's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants"), for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between Ranger Oil and Baytex Energy Corp. and affiliates ("Baytex Energy").

2. Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the "Registration Statement") to be filed on April 7, 2023 with the United States Securities and

Exchange Commission ("SEC"), amended on April 28, 2023, then again on May 10, 2023, and disseminated to Company stockholders. The Registration Statement recommends that Company stockholders vote in favor of a proposed transaction whereby Nebula Merger Sub, LLC, an indirect wholly owned subsidiary of Baytex Energy ("Merger Sub") will merge with and into Ranger Oil with Ranger Oil surviving the transaction as an indirect wholly owned subsidiary of Baytex Energy (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into on February 27, 2023 (the "Merger Agreement"), each Ranger Oil stockholder will receive the right to receive: (i) 7.49 shares of Baytex Energy common stock; and (ii) $13.31 in cash (the "Merger Consideration"). Following the consummation of the Proposed Transaction, Company shareholders will own 37% of the combined company common stock outstanding and Baytex Energy shareholders will own approximately 63% of the combined company common stock outstanding.

3. As discussed below, Defendants have asked Ranger Oil's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Registration Statement contains materially incomplete and misleading information concerning the analyses performed by the Company's financial advisor, BofA Securities, Inc. ("BofA") in support of its fairness opinion.

4. It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the

material information discussed below is disclosed to Ranger Oil's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because plaintiff resides in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of Ranger Oil stocks and has held such stocks since prior to the wrongs complained of herein.

10. Individual Defendant Edward Geiser has served as a member of the Board since January 2021 and is the Chairman of the Board.

11. Individual Defendant Darrin Henke has served as a member of the Board since August 2020 and is the Company's President and Chief Executive Officer.

12. Individual Defendant Richard Burnett has served as a member of the Board since October 2021.

13. Individual Defendant Tiffany Thom Cepak has served as a member of the Board since September 2019.

14. Individual Defendant Garrett Chunn has served as a member of the Board since March 2022.

15. Individual Defendant Kevin Cumming has served as a member of the Board since January 2021.

16. Individual Defendant Tim Gray has served as a member of the Board since January 2021.

17. Individual Defendant Joshua Schmidt has served as a member of the Board since January 2021.

18. Individual Defendant Jeffrey E. Wojahn has served as a member of the Board since September 2019.

19. Defendant Ranger Oil is a Virginia corporation and maintains its principal offices at 16285 Park Ten Place, Suite 500, Houston, Texas 77084. The Company's stock trades on the NASDAQ Stock Exchange under the symbol "ROCC."

20. The defendants identified in paragraphs 10-18 are collectively referred to as the "Individual Defendants" or the "Board."

21. The defendants identified in paragraphs 10-19 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.    The Proposed Transaction**

22. Ranger Oil, an independent oil and gas company, engages in the onshore development and production of crude oil, natural gas liquids, and natural gas in the United States. It engages in drilling unconventional horizontal development wells; and operates producing wells

4

in the Eagle Ford Shale field in South Texas. The Company was formerly known as Penn Virginia Corporation and changed its name to Ranger Oil Corporation in October 2021. Ranger Oil was incorporated in 1882 and is headquartered in Houston, Texas.

23. On February 28, 2023, the Company announced the Proposed Transaction:

> **HOUSTON, TX / ACCESSWIRE / February 28, 2023** / Ranger Oil Corporation (NASDAQ:ROCC) ("Ranger" or the "Company") today announced that it has entered into a definitive agreement to combine with Baytex Energy Corp. (TSX, NYSE: BTE) ("Baytex") in a cash and stock transaction.
>
> Under the terms of the agreement, Ranger shareholders will receive a fixed ratio of 7.49 shares of Baytex and $13.31 in cash for each Ranger share. Upon closing of the transactions contemplated by the agreement (the "Transactions"), Baytex shareholders will own approximately 63% of the combined company, and Ranger shareholders will own approximately 37%. The Transactions are expected to close in the second quarter of 2023.
>
> Darrin Henke, President and Chief Executive Officer of Ranger, commented, "I couldn't be more proud of the Ranger team and the company we've built together. We expect that combining with the balance sheet strength, deep asset base, and operational excellence of Baytex will create a unique company of scale which will deliver sustained free cash flow growth and differentiated shareholder returns. We look forward to bringing together our complementary teams and assets to realize the long-term value of this combination for our shareholders."
>
> Edward Geiser, Chairman of Ranger's Board and Managing Partner of Juniper Capital, added, "This transaction represents a leap forward in shareholder value creation potential and accelerates both companies' shareholder return strategies. We expect this combination will create a company that is exceptionally positioned for sustained shareholder returns."
>
> **Advisors**
>
> BofA Securities, Inc. and Wells Fargo Securities, LLC are acting as Ranger's financial advisors. Kirkland & Ellis LLP is serving as legal counsel and Stikeman Elliot LLP is serving a Canadian legal counsel.

* * *

24. The Board has unanimously agreed to the Proposed Transaction. It is therefore imperative that Ranger Oil's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.    The Materially Incomplete and Misleading Registration Statement**

25. On April 7, 2023, Ranger Oil and Baytex Energy jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction. The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

26. The Registration Statement fails to provide material information concerning financial projections by management and relied upon by BofA in its analyses. The Registration Statement discloses management-prepared or management-approved financial projections for the Company and Baytex Energy which are materially misleading. The Registration Statement indicates that in connection with the rendering of their fairness opinion, that the management of Ranger Oil prepared certain non-public financial forecasts (the "Projections") and provided them to the Board and the financial advisors with forming a view about the stand-alone and pro forma

valuations. Accordingly, the Registration Statement should have, but fails to provide, certain information in the projections that management provided to the Board and the financial advisors. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

27. For *Ranger Projections for Ranger*, the Registration Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics for fiscal years 2023 through 2027 and a cumulative estimate for the years 2028 through 2067: EBITDA and Unlevered Free Cash Flow, but fails to provide line items used to calculate these metrics and/or a reconciliation of the non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

28. For *Ranger Oil Projections for Baytex*, the Registration Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics for fiscal years 2023 through 2027 and a cumulative estimate for the years 2028 through 2050: EBITDA, Unlevered Free Cash Flow, and Cash Flow From Operations, but fails to provide line items used to calculate these metrics and/or a reconciliation of the non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

29. When a company discloses non-GAAP financial measures in a Registration Statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP

measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

30. The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.

31. Thus, to cure the Registration Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Registration Statement, Defendants must provide a reconciliation table of the non-GAAP measure to the most comparable GAAP measures to make the non-GAAP metric included in the Registration Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses for Ranger Oil*

32. With respect to BofA's *Selected Publicly Traded Companies Analysis*, the Registration Statement fails to disclose: (i) the financial metrics for each company selected by BofA for the analysis; and (ii) the inputs and assumptions underlying the reference ranges of CY2023 EBITDA multiples of 2.3x to 3.3x.

33. With respect to BofA's *Selected Precedent Transactions Analysis*, the Registration Statement fails to disclose: (i) the financial metrics for each transaction selected by BofA for the

analysis; (ii) the inputs and assumptions underlying the reference ranges of one-year forward EBITDA multiples of 2.5x to 3.5x; and (iii) the inputs and assumptions underlying the discount rate of 11.7% and Ranger's weighted average cost of capital.

34. With respect to BofA's *Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the discount rate range of 10.6% to 12.9%; (ii) the weighted average cost of capital of Ranger Oil; and (iii) the number of fully-diluted shares of Company common stock outstanding.

35. With respect to BofA's analysis of equity research analyst price targets for Ranger Oil, the Registration Statement fails to disclose: (i) the research analysts observed; and (ii) the price targets published by each research analyst.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses for Baytex Energy*

36. With respect to BofA's *Selected Publicly Traded Companies Analysis*, the Registration Statement fails to disclose: (i) the financial metrics for each company selected by BofA for the analysis; and (ii) the inputs and assumptions underlying the reference ranges of CY2023 EBITDA multiples of 2.8x to 3.8x.

37. With respect to BofA's *Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the discount rate range of 8.0% to 9.4%; (iii) the weighted average cost of capital of Baytex Energy; and (iii) the number of fully-diluted shares of Baytex Energy common stock outstanding.

38. With respect to BofA's analysis of equity research analyst price targets for Baytex Energy, the Registration Statement fails to disclose: (i) the research analysts observed; and (ii) the price targets published by each research analyst.

*Omissions and/or Material Misrepresentations Concerning Relative Financial Analyses*

39. With respect to BofA's *Has/Gets Analysis*, the Registration Statement fails to disclose: (i) the incremental net debt expected to be incurred by Baytex Energy in connection with the Proposed Transaction; and (ii) the estimated number of Baytex Energy common shares expected to be outstanding on a fully diluted basis following the Proposed Transaction.

40. In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

41. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

42. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

43. Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the

Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

44. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

45. Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement. The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully. Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

46. The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

47.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

48.     The Individual Defendants acted as controlling persons of Ranger Oil within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Ranger Oil, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Ranger Oil, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

49.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Ranger Oil, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed

Transaction. The Individual Defendants were thus directly involved in the making of the Registration Statement.

51. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

52. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

54. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 11, 2023                    **MELWANI & CHAN LLP**

By:  */s/ Gloria Kui Melwani*
Gloria Kui Melwani (GM5661)
1180 Avenue of the Americas, 8th Fl.
New York, NY 10036
Telephone: (212) 382-4620
Email: gloria@melwanichan.com

*Attorneys for Plaintiff*